IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND, | )<br>)<br>)<br>)<br>) |
| | ) NO. 16 C 10548 |
| PLAINTIFFS, | )<br>) JUDGE<br>) |
| v. | ) MAGISTRATE JUDGE<br>) |
| DE GRAF CONCRETE CONSTRUCTION, INC., an Illinois corporation, | )<br>)<br>) |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND, by their attorneys, DONALD D. SCHWARTZ, ANDREW S. PIGOTT, PAUL M. EGAN, and ARNOLD AND KADJAN, complain against Defendant, **DE GRAF CONCRETE CONSTRUCTION, INC.**, an Illinois corporation, as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174

CARPENTERS WELFARE FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Chicago and Northeast Illinois District Council of Carpenters and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, **DE GRAF CONCRETE CONSTRUCTION, INC. ("DE GRAF"),** is an Illinois corporation authorized to do business in Illinois and is an employer engaged in an industry affecting commerce.

5. Since on or before January 1, 2014, **DE GRAF** entered into successive Collective Bargaining Agreements with the Union.

6. By virtue of provisions in the Collective Bargaining Agreements, **DE GRAF** is bound by the Trust Agreement establishing the Funds.

7. The terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound required **DE GRAF** to pay specified wages and to make periodic contributions to the Funds on behalf of its bargaining unit employees.

8. Since January 1, 2014, **DE GRAF** admitted, acknowledged and ratified the Collective Bargaining Agreements by filing periodic report forms with the Funds and by making periodic payments to the Funds.

9. Under the terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound, **DE GRAF**, when given reasonable notice by Plaintiffs or their representatives, is required to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

10. Pursuant to Plaintiffs' request, **DE GRAF** submitted its books and records to the Plaintiffs' auditor, who detected the following delinquencies:

> a. $13,799.45 in contributions;
> b. $1,379.94 in CBA-manadated liquidated damages on the delinquent contributions identified in the audit;
> c. $3,301.32 in liquidated damages on late-paid contribution reports;
> d. $1,470.00 in audit costs.

11. **DE GRAF** did not tender its reports or contributions to the Funds for the months of August 2016 and September 2016.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. **DE GRAF** be ordered to submit its contribution reports for the months of August 2016 and September 2016 to the Funds.

B. Judgment be entered on the amounts determined by the audit, plus the amounts Indicated on the August 2016 and September 2016 reports.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
**TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS, et al.**

By: s/Andrew S. Pigott
      One of their Attorneys

Donald D. Schwartz
Paul M. Egan
Andrew S. Pigott
**ARNOLD AND KADJAN**
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
 (312) 236-0415

4